IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**MOSHE GABAY,**<br><br>    **Defendant.** | **Criminal No. JKB 25-109** |

**UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM
AS TO DEFENDANT MOSHE GABAY**

The United States of America, by its undersigned counsel, submits this Sentencing Memorandum.

**I.     INTRODUCTION**

On May 1, 2025, Defendant Moshe Gabay ("Gabay") entered a plea of guilty pursuant to a one-count Amended Information for subscribing to a false tax return in violation of 26 U.S.C. § 7206(1).  ECF No. 8.  According to the Stipulation of Facts accompanying the plea agreement, Gabay admitted that he underreported his income by over $3.5 million, through the guise of falsely claimed deductions, relating to the tax years 2017 through 2022.  ECF No. 14 pg. 11.  The tax loss from Gabay's conduct is more than $1,000,000.   ECF No. 14 pg. 10 (table).   The defendant's sentencing is scheduled for August 26, 2025.

The Government recommends that the Court sentence Gabay to 20 months of incarceration, followed by a one-year period of supervised release, and a $100 special assessment.  Gabay has agreed to restitution to the IRS of $1,039,585.  ECF 14 pg. 6 ¶ 12.  The Government is also requesting a fine of $75,000.

1

## II.   BACKGROUND

Gabay, a resident of Baltimore, Maryland, owned and operated SINU-RX Pharmacy Inc. ("SINU-RX"), an S Corporation of which he served as sole shareholder. He also co-owned 211 Reisterstown Road LLC with his spouse, which held real estate used by SINU-RX. As required by law, both SINU-RX and Gabay were obligated to file accurate tax returns with the IRS, including Forms 1120S for the corporation and Forms 1040 for Gabay, along with accompanying Schedule K-1s detailing shareholder income.

From at least 2017 through 2022, Gabay engaged in a fraudulent scheme to underreport income and evade taxes. He caused SINU-RX to issue business checks falsely labeled as prescription purchases, which were actually deposited into his personal accounts. These false entries were categorized as Cost of Goods Sold, thereby inflating expenses and reducing reported income on SINU-RX's tax returns.

As a result, SINU-RX underreported approximately $3.53 million in business income over six years. This led to the filing of false Schedule K-1s and ultimately caused Gabay to underreport his personal income on federal tax returns, significantly reducing the taxes he owed for tax years 2017 through 2022. During this same period, Gabay used the unreported income to purchase multiple real estate properties with a total cost exceeding $3,000,000.

In March 2024, during an interview with IRS Criminal Investigation (IRS-CI), Gabay made false statements to further conceal his underreported income relating to multiple tax years. He falsely represented to IRS-CI special agents that the income and expenses reported on the Forms 1120S for SINU-RX for the 2018 through 2022 tax years were accurate. He further stated that his return preparers had full access to SINU-RX's business bank accounts, credit card records, and inventory information. Gabay also misled agents by claiming that, when he needed funds to

purchase real estate, he derived funds from the sale of precious metals. Despite these false statements, a thorough review of financial records conducted by IRS-CI ultimately uncovered the tax fraud.

### III.  THE SENTENCING GUIDELINES CALCULATION

The computation of the sentencing guidelines is as follows:

| | |
|---|---|
| Base Offense Level, § 2T1.1; 2T1.4(H) | 20 |
| Acceptance of Responsibility, § 3E1.1(a): | -2 |
| Acceptance of Responsibility, § 3E1.1(b): | -1 |
| Zero-Point Offender Adjustment, § 4C1.1: | -2 |
| Offense Level: | 15 |

This calculation matches USPO's calculation and is consistent with the agreed sentencing guideline calculation included in the plea agreement. ECF No. 14. Based upon a total offense level of 15 and a criminal history category of I, the guideline imprisonment range is 18 months to 24 months. Since the applicable guideline range is in Zone D of the Sentencing Table, the defendant is ineligible for probation under the Guidelines. U.S.S.G. § 5B1.1, comment. (n.2).

### IV.  SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

The Court's sentence must be "sufficient, but not greater than necessary" to achieve the purposes of sentencing. The Court is further to consider the factors listed in 18 U.S.C. § 3553(a), some of which are discussed below.

#### A. 18 U.S.C. § 3553(a)(1) - the nature and circumstances of the offense and the history and characteristics of the defendant.

As to the nature and circumstances of the offense, Gabay scrupulously planned and executed a years-long effort to conceal income from the IRS, and he falsely reported little, or no

taxes owed to the U.S. Treasury on tax returns filed with the IRS. Gabay's scheme, once established, was simple, yet effective.

Gabay deliberately misrepresented the financial affairs of SINU-RX and concealed his profits from the business over a six-year period. As the sole owner and operator of SINU-RX, Gabay exercised complete control over the company's finances and controlled all interactions with bookkeepers and tax preparers. This placed him in absolute control of the business' income and tax reporting. Taking advantage of the situation, Gabay intentionally caused the falsification of business records by disguising substantial personal withdrawals as business expenses, specifically inflating Costs of Goods Sold. This deliberate scheme, executed through deceptive check notations and false representations, was designed to conceal the true nature of Gabay's personal benefit and avoid detection by tax authorities and others. Gabay's misstatements and omissions, when interviewed by IRS-CI, reflect an intent to conceal taxable income and the prolonged nature of the scheme. Specifically, his claim that his tax preparers had access to inventory information was knowingly misleading, as evidenced by his alteration of checks notated as inventory that he issued to himself.

The images below demonstrate the ease and effectiveness of Gabay's use of misleading notations included on the face of business checks that he ultimately directed for his personal benefit. These checks, in particular, were all written in December 2019, before the end of the year.

**Check 3969**
SINU REFUAH PHARMACY
410 486 7468
211 REISTERSTOWN ROAD
BALTIMORE, MD 21208
Date: 12/13/19
Pay to the order of: Cash (Anda)    $39,850.00
Thirty Nine thousands eight hundred fifty dsf 00/100 Dollars
SUNTRUST
ACH RT 061000104
For: Rx Rx

**Check 3959**
SINU REFUAH PHARMACY
410 486 7468
211 REISTERSTOWN ROAD
BALTIMORE, MD 21208
Date: 12/26/19
Pay to the order of: Cash (Heathsong)    $29,850
Twenty Nine thousand eight hundred fifty 00/100 Dollars
SUNTRUST
ACH RT 061000104
For: Rx

**Check 3964**
SINU REFUAH PHARMACY
410 486 7468
211 REISTERSTOWN ROAD
BALTIMORE, MD 21208
Date: 12/26/19
Pay to the order of: Cash (Anda)    $29,850.00
Twenty Nine thousand dsf Eight hundred fifty 00/100 Dollars
SUNTRUST
ACH RT 061000104
For: Rx

5

[Image of a check from Sinu Refuah Pharmacy, 211 Reisterstown Road, Baltimore, MD 21208, check #3967, dated 12/27/19, pay to the order of Cash (Andy Ro), for $54,850.00, "Fifty four thousand's eight hundred fifty dol 00", SunTrust, notation "Rx"]

The impact of Gabay's scheme on his tax liability was to essentially eliminate any taxes owed by the Defendant. In total the investigation identified more than 170 checks Gabay falsely notated as business expenses, that were actually payments he directed to himself. The following table shows the number and amount of falsely notated checks and the tax loss per year:

| Tax Year | Number of Checks Falsely Notated as Business Expenses | Inflated Cost of Goods Sold per Investigation | Tax Loss |
|---|---|---|---|
| 2017 | 17 | $289,757 | $80,575 |
| 2018 | 31 | $670,341 | $201,162 |
| 2019 | 45 | $819,113 | $248,606 |
| 2020 | 27 | $460,729 | $126,539 |
| 2021 | 29 | $638,920 | $193,507 |
| 2022 | 24 | $654,270 | $189,196 |
| Total | 173 | $3,533,130 | $1,039,585 |

As to the history and characteristics of the defendant, the record demonstrates that Gabay had the experience, education, and financial savvy to be successful without hiding his income. Gabay obtained a degree in Pharmacology from Temple University, in Philadelphia, Pennsylvania.

ECF No. 17 ¶ 42.  Gabay has worked as a pharmacist for more than twenty (20) years and has operated the pharmacy SINU-RX since 2006.  Gabay's operation of SINU-RX was successful and lucrative.  If Gabay had complied with the tax laws and disclosed his income, then he still would generated more than $2 million in profits from 2017 to 2022.  Instead, Gabay chose to unlawfully eliminate his tax liability and enrich himself with his real estate holdings.

Additionally, there is nothing regarding his age and health, as noted in the PSR, that provides a reason for a lesser sentence than a Guideline-sentence.

### B. 18 U.S.C. § 3553(a)(2)(A) – the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment.

Gabay's crime required continuously lying to the IRS.  Gabay engaged in a years-long, deliberate tax fraud scheme by knowingly misrepresenting personal expenditures as legitimate business expenses.  Over six consecutive tax years, Gabay manipulated SINU-RX's financial records and authorized the filing of false tax returns, thereby concealing more than $1 million in tax liabilities from the IRS.  The scope and duration of the fraud, coupled with the effectiveness of the scheme—including fabricating notations to disguise personal diversions—underscore the seriousness of the offense and the intentional effort to underreport his tax obligations to the IRS.

Despite being in a position of financial control and responsibility as the sole shareholder of SINU-RX, the Defendant chose to systematically defraud the government while simultaneously accumulating personal wealth.  By paying only $2,660 in federal income taxes over a six-year period—despite earning hundreds of thousands of dollars in unreported income—Gabay not only gained an unfair financial advantage, but he also undermined public confidence in the equitable enforcement of tax laws.  This is not a case of mere negligence or isolated aberrant behavior; rather, it involves a calculated pattern of deception that resulted in significant losses to the U.S.

Treasury. A meaningful sentence of 20 months is necessary and appropriate to reflect the seriousness of Gabay's conduct.

### C. 18 U.S.C. § 3553(a)(2)(B) - the need to deter similar criminal conduct

General deterrence is a critical component of ensuring the integrity of the tax system, particularly among owners of closely held businesses, such as Gabay, who operate with a high degree of financial control and limited oversight. The Sentencing Commission has noted that, in tax cases, "[b]ecause of the limited number of criminal tax prosecutions relative to the estimated incidence of such violations, deterring others from violating the tax laws is a primary consideration underlying th[e] guidelines." U.S.S.G. ch. 2, pt. T, introductory cmt. The Fourth Circuit agrees:

> [W]e believe that the Commission's focus on incarceration as a means of third-party deterrence is wise. The vast majority of such crimes go unpunished, if not undetected. Without a real possibility of imprisonment, there would be little incentive for a wavering would-be evader to choose the straight-and-narrow over the wayward path.

*United States v. Engle*, 592 F.3d 495, 502 (4th Cir. 2011). In this case, Gabay, as owner of a Baltimore-area pharmacy, underreported more than $3.5 million in income over a six-year period, causing a tax loss exceeding $1 million to the IRS. Such conduct not only deprives the public of important resources but also undermines the fairness of the tax system by giving dishonest business owners an unfair advantage over those who comply with the law. The need for general deterrence is especially true in instances like this case, where the risk of fraud significantly increases when one individual has unchecked control over financial reporting, recordkeeping, and income/tax filings as a result of a lack of segregation of duties. This inherent risk makes general deterrence even more vital. A meaningful sentence is necessary to send a clear message that will deter other similarly situated individuals from exploiting their control over closely held businesses to commit tax fraud.

## V. RESTITUTION & FINE

Pursuant to 18 U.S.C. § 3663(a)(3) and the Plea Agreement, the Court should order restitution to the IRS in the amount of $1,039,585. The Court should also order that the restitution be due "in full immediately" and pursuant to a payment schedule that is consistent with Gabay's finances.

As to the "in fully immediately" order, Congress has expressed a preference through statute that restitution be payable immediately. *See* 18 U.S.C. § 3572(d)(1). This statutory preference is consistent with the Crime Victims' Rights Act mandate that victims receive "full and *timely* restitution as provided in law." 18 U.S.C. § 3771(a)(6) (emphasis added). Restitution orders that are payable in full immediately allow the government to use its full array of tools to ensure that victims receive timely restitution. Such orders also do not unfairly harm the defendant because oppressive collection tactics are prohibited by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.*, and the Consumer Credit Protection Act, 15 U.S.C. § 1601 *et seq*. Lastly, the "in full immediately" order allows the Bureau of Prisons to collect restitution through the Inmate Financial Responsibility Program ("IFRP"). Here, the PSR shows that Gabay has assets with a net worth of more than $3 million. For these reasons, the Court should order restitution payable in fully immediately, and on a monthly schedule of $500 per month during the period of supervised release if the amount is not paid prior to the commencement of supervised release.

The Government is also requesting a fine of $75,000, which is within the Guidelines' range. The PSR states that, in light of the Defendant's net worth, which exceeds $3 million, the Defendant has the financial capability of paying both restitution and a fine.

## VI. CONCLUSION

For these reasons, the Government respectfully recommends that the Court sentence Gabay to 20 months of incarceration, followed by one year of supervised release, a fine of $75,000, a special assessment of $100, and restitution to the IRS of $1,039,585.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By: _____
Jared W. Murphy, No. 29178
Special Assistant United States Attorney
Matthew P. Phelps, No. 17933
Assistant United States Attorney
36 S. Charles Street, 4th Floor
Baltimore, Maryland 21201
(410) 209-4992
jared.murphy@usdoj.gov